DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a divorce decree issued by the Ottawa County Court of Common Pleas. Because we conclude that the trial court failed to make a statutorily mandated finding to support denial of visitation to appellant, we vacate that portion of the decree. In all other respects, the judgment is affirmed.
 {¶ 2} Appellant, Gene Wheeler, and appellee, Julie A. Wheeler, were married in 1976. Two children were born of the union.
 {¶ 3} In 1999, appellant was seriously injured in a traffic accident. The cracked vertebrae and closed head injury he sustained in this accident required extensive medical treatment and prolonged convalescence.
 {¶ 4} At trial, appellee characterized appellant before the accident as a warm gentle person. After the accident, however, he changed. He became mercurial and violent. At one point, he threw appellee through a glass aquarium. His treatment of the children was likewise fierce.
 {¶ 5} On March 27, 2002, appellee sought legal separation from appellant on the ground of incompatibility. On September 24, 2002, appellee amended her complaint, seeking a divorce, custody of the children and a reasonable division of the marital property. While the matter was pending, appellant obtained a personal injury settlement in the net amount of $203,441.
 {¶ 6} At the conclusion of the final hearing on this matter, the magistrate awarded appellee a divorce on the grounds of incompatibility and gave her custody of the two children. The magistrate also ordered that, because of appellant's violent behavior, appellant have no contact with the children until further order of the court. Appellant was also ordered to pay child support based on his pre-accident earnings of $14,500. The magistrate directed that $10, 000 of the personal injury settlement be set aside for the two children for their loss consortium claim and an additional $46, 450 set aside for future child support payments. Appellee was also awarded $32, 625 from the settlement to compensate her for her share of appellant's lost wages between the time of the accident and trial. The magistrate denied appellant's request for spousal support.
 {¶ 7} Appellant's objections to the magistrate's decision were overruled.
 {¶ 8} From this judgment, appellant brings this appeal, setting forth the following five assignments of error:
 {¶ 9} "I. The trial court erred when concluding that the parties' minor children should receive $10, 000 for lost consortium awards.
 {¶ 10} "II. The trial court erred in concluding that Gene Wheeler should pay child support based upon his income of $14, 500.00 prior to his March 23, 1999 automobile accident.
 {¶ 11} "III. The trial court erred when determining plaintiff was entitled to a lost income award from settlement proceeds of the personal injury claim to Gene Wheeler when plaintiff failed to introduce any evidence regarding appellant's income.
 {¶ 12} "IV. The trial court erred when concluding that no visitation should occur between appellant and their children until further order of the court.
 {¶ 13} "V. The trial court erred by concluding that appellant should not receive any alimony from appellee."
 {¶ 14} Domestic Relations Courts have broad discretion in determining an equitable distribution of martial property. Mayer v. Mayer (1996),110 Ohio App.3d 233, 236. On review, appellate courts may not disturb a trial court's distributive award of property absent an abuse of discretion. Kelly v. Kelly (1996), 111 Ohio App.3d 641, 642. An abuse of discretion is more than an error of law or a mistake of fact, the term connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The same standard is applied to the trial court's decision as to whether or not to award spousal support. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,24.
 {¶ 15} For clarity, we shall discuss appellant's assignments of error out of order.
 Lost Income {¶ 16} In his third assignment of error, appellant maintains that the trial court erred in allocating a portion of the settlement to appellee in compensation for the income he would have contributed to the family but for his injury.
 {¶ 17} The portion of a personal injury award or settlement which may be attributable to a spouse's lost wages is marital property and subject to division. R.C. 3105.171 (A) (6) (a) (vi); Marcum v. Marcum (1996),116 Ohio App.3d 606, 613. It is undisputed that appellant contributed nothing to the household for a period of four and one half years after his injury. Appellee was the sole source of household income during that time. The magistrate concluded that, if appellant had worked, he would have worked 2,000 hours per year at an hourly wage of $7.25. This was appellant's hourly wage established by testimony for the period before appellant's accident. The total sum for this period equaled $65, 250, half of which was awarded to appellee. The award was reasonable and in conformity with the law. Accordingly, appellant's third assignment of error is not well-taken.
 Spousal Support {¶ 18} Appellant, in his fifth assignment of error, insists that he should have been awarded alimony. At length, appellant argues that the court wholly failed to consider the statutory factors set forth in R.C.3105.18 (C) (1). The omission of consideration of appellant's disability alone, he insists, is an abuse of discretion.
 {¶ 19} Appellant confuses an enumeration of the R.C. 3105.18 (C) (1) factors with consideration. The magistrate's decision specifically states that R.C. 3105.18 (C) (1) factors were considered. Moreover, it is clear from the magistrate's recitation of its factual findings that the court did consider the parties' relative earning capacities, including the effect of appellant's injury, the duration of the marriage and the relative assets of the couple. The final divorce decree, although it did not expressly state consideration of R.C. 3105.18 (C) (1) factors, restates the factors the magistrate explored relevant to spousal support and concluded that both parties has sufficient resources to negate a need for a spousal support award to either. We fail to see how this conclusion is arbitrary, unreasonable, or unconscionable. Accordingly, appellant's fifth assignment of error is not well-taken.
 Child Support {¶ 20} In his second assignment of error, appellant suggests that the trial court erred in imputing income to him for purposes of calculating his child support obligation. According to appellant, the evidence presented at trial clearly established that his only income was approximately $5,400 per year from Social Security benefits. The remainder of the $14,500 attributed to him was, therefore, imputed income which, citing Clark v. Smith (1998), 130 Ohio App.3d 648, 663, appellant insists was improper absent a finding that he is voluntarily unemployed or underemployed.
 {¶ 21} Two related issues are at play here. First, whether the trial court found appellant voluntarily unemployed or underemployed so as to properly impute income to him, and second, whether such a finding is supported in evidence.
 {¶ 22} R.C. 3113.215 (A)(1) defines "income" as may be used in the calculation of child support as, "(a) [f]or a parent who is employed to full capacity, the gross income of the parent; [and] (b) [f]or a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent."
 {¶ 23} "Potential income" means both, "(a) [i]mputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides; (b) [i]mputed income from any nonincome-producing assets of a parent, * * *." R.C.3113.215(A)(5).
 {¶ 24} Pursuant to the statute, then, imputation of income is only proper in the wake of an antecedent ruling that the parent is voluntarily unemployed or underemployed. Clark, supra, citing Rock v. Cabrai (1993),67 Ohio St.3d 108, 111.
 {¶ 25} In this matter, both the magistrate's decision and the divorce decree recite that child support has been calculated, "* * * based upon the gross annual earnings of [appellee] in the amount of Forty Thousand Dollars ($40,000) [and] the pre-accident gross annual earnings of [appellant] in the amount of Fourteen Thousand Five Hundred ($14,500) * * *." Thus, while the support ordered in this matter has clearly been premised on appellant's work history, a factor which may be considered in the imputation of income, there is no express finding that appellant is voluntarily unemployed or underemployed. This, appellant insists, is fatal to the order.
 {¶ 26} There is nothing in R.C. 3115.215 which requires that the Domestic Relations Court finding that a parent is voluntarily unemployed or underemployed be express. Moreover, the Clark and Rock cases both deal with whether an express finding is supported, not whether such a finding must be express or implied. Consequently, any language contained in these cases by which it may be inferred that an express finding is necessary, is dicta.
 {¶ 27} True, the better practice would be to record such a finding, however, when, as here, the court references a consideration specifically within R.C. 3113.215 (A)(5), the court impliedly found appellant voluntarily unemployed or underemployed. The issue then becomes whether the finding is supported by the record.
 {¶ 28} In this regard, appellant maintains that the only evidence before the court was that he is disabled and wholly reliant upon a minimal disability allowance. Therefore, appellant insists, the trial court abused its discretion in imputing wages to him in excess of the disability allowance.
 {¶ 29} Appellee testified that after the accident appellant worked some manufacturing jobs. Appellant testified that he also drove a cab on Put-in-Bay for 15 to 20 hours a week, earning between $30 and "like a couple of hundred" dollars per week. This testimony alone could sustain an imputation of income of as much as $10,000 per year in addition to his $5,400 disability income. Moreover, as appellee properly points out, appellant is entitled to in excess of $100,000 from the personal injury settlement even after the results of the decree. Invested conservatively, this asset should generate $2,000 to $3,000 additional annual income.
 {¶ 30} More significant here, however, is the state of the record on this, appellant's attack on the sufficiency of evidence supporting income imputation. The final hearing on this matter encompassed three days: February 12, 2003, June 12, 2003, and October 15, 2003. When appellant objected to the magistrate's decision, he omitted filing the transcript of the June 12, 2003 hearing as is required by local rule. For this reason, the trial court rejected any objections appellant raised concerning the sufficiency or weight of the evidence.
 {¶ 31} On appeal, the transcript of the June 12, 2003 proceeding has still not been submitted. When appealing a judgment, the appellant bears the burden of showing error by reference to the record of the trial court proceedings. It is appellant's duty to provide the reviewing court with an adequate transcript. Absent such a transcript, we must presume the regularity of the proceedings. Knapp v. Edwards Laboratory (1990),61 Ohio St.2d 197, 199. Accordingly, appellant's second assignment of error is not welltaken.
 Children's Consortium Claim {¶ 32} In his first assignment of error, appellant insists that the trial court erred in setting aside a portion of the proceeds of appellant's personal injury settlement for the benefit of his children.
 {¶ 33} In its final decree, the trial court ordered a sum of $10, 000 set aside from appellant's personal injury settlement for the benefit of the children. The court ordered that the money be deposited in a joint account, requiring the signature of both appellant and appellee for disbursement. The court directed that that fund be used for the benefit of the children on the mutual agreement and within the discretion of the parties. The court stated that the purpose of the fund was to compensate the children for their loss of consortium claim in the personal injury settlement.
 {¶ 34} Appellee points out that the children had an independent claim for loss of parental consortium against third party tortfeasors,Gallimore v. Children's Hosp. Med. Ctr. (1993), 67 Ohio St.3d 244, ¶ two of the syllabus, and that, whenever feasible, the child's loss of consortium claim should be joined with the injured party's claims.Coleman v. Sandoz Pharmaceutical Corp. (1996), 74 Ohio St.3d 492, 494. Consequently, appellee insists, it was only fair that the children be expressly provided for in the decree.
 {¶ 35} At oral argument, counsel for appellant insisted that the personal injury suit contained no children's consortium claim and the record contains no specifics relative to that claim or its resolution. Again, as with appellant's challenge to the award of child support, his argument here rests upon reference to a record that is incomplete. Again, in the absence of a complete transcript of the proceedings, we must presume the regularity of the proceedings. Knapp, supra.
 {¶ 36} Accordingly, appellant's first assignment of error is found not well-taken.
 Visitation {¶ 37} In his remaining assignment of error, appellant contends that the trial court abused its discretion in denying him any access to his children without further order of the court.
 {¶ 38} A non-custodial parent's right of visitation with his children is a natural right which, while not absolute, should be denied under only extraordinary circumstances. Pettry v. Pettry (1984), 20 Ohio App.3d 350,352. The right is codified in R.C. 3105.051 (A) which provides that, "[i]f a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court shall * * * make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law. * * *"
 {¶ 39} The portion of the final decree dealing with visitation states:
 {¶ 40} "Based upon the evidence and testimony presented to the Court, the Court FINDS that the [Appellant] was injured in an automobile accident on March 23, 1999 and as a result of said accident suffered a cracked cervical vertebrae which required surgical fusions as well as closed head injury. As a result of the closed head injury [Appellant] has suffered a personality change and is currently mentally unstable and has violent tendencies.
 {¶ 41} "Therefore accordingly, it is ORDERED, ADJUDGED, and DECREED
that the [Appellant] shall not have Court Ordered visitation and companionship time with the parties' minor children at this time due to his mental instability and violent tendencies. The Court shall retain jurisdiction over this provision and this provision shall be subject to Court review upon the petition of either party to this Court."
 {¶ 42} Unlike the findings for imputation of income previously discussed, here there is a statutory directive that the court must find and make manifest on its journal a determination that parental visitation is not in the children's best interest. Absent an express finding, the court must fashion a visitation order for the non-residential parent.
 {¶ 43} In this matter, the court's entry stops short of journalizing a finding that the child visitation by appellant is not in the children's best interest. Accordingly, appellant's fourth assignment of error is well-taken. We vacate the court's visitation order and remand the matter to the trial court to either enter the requisite finding or fashion a visitation order.
 {¶ 44} On consideration whereof, the judgment of the Ottawa Court of Common Pleas is affirmed, in part, and vacated, in part. This matter is remanded to said court for further proceedings in conformity with this decision and judgment entry. Costs to appellee, pursuant to App.R. 24.
Judgment Affirmed, in Part, and Vacated, in Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.