DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark Keller, appeals from the judgment entry of the Wayne County Court of Common Pleas, which sustained appellee's, Kyle Keller's, objections to the magistrate's decision, finding appellant to be underemployed and imputing income to appellant in the amount of $24,000.00. This Court affirms.
 I. {¶ 2} The parties' marriage was terminated by divorce on February 5, 1998. One child was born of the marriage. Appellee was named as the residential parent of the child, and appellant was ordered to pay child support for the benefit of the child in the amount of $82.00 per week. Appellant's original child support obligation was calculated based upon an imputed income of $24,000.00. Appellant objected to the magistrate's imputing such income to appellant. The trial court overruled appellant's objections. A few months later, appellant moved to Canada.
 {¶ 3} On February 21, 2003, upon appellant's request, the matter of a child support modification came on for administrative hearing. The hearing officer concluded that appellant was underemployed and that an annual income of $19,290.00 should be imputed to him. Based on that imputed income, the hearing officer concluded that appellant's child support obligation should be reduced to $264.47 per month.
 {¶ 4} Appellee objected to the hearing officer's conclusions, and the matter proceeded to hearing on the objections before the magistrate. Appellee appeared for hearing. Appellant failed to appear, although he was represented by counsel at the hearing. While appellant's absence from the hearing prevented his presentation of testimony, appellant's counsel presented certain documents, including appellants past tax returns, as evidence. After hearing, the magistrate found that appellant was underemployed and that it was reasonable to impute an annual income of $24,000.00 to appellant. Based on appellee's income and appellant's imputed income, the magistrate calculated appellant's child support obligation to be $302.67 per month. Because that amount constituted greater than a ten percent deviation from the prior child support order, the magistrate found that the modification should occur.
 {¶ 5} Appellant objected to the magistrate's decision. The trial court overruled appellant's objections and found that appellant was underemployed and that it was reasonable to impute an annual income of $24,000.00 to appellant. Appellant timely appeals, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law when it determined that the defendant was underemployed as defined in Ohio revised code § 3119.01(C)(11)."
 {¶ 6} Appellant argues that the trial court abused its discretion when it determined that appellant was underemployed and imputed an income of $24,000.00 to him. This Court disagrees.
 {¶ 7} This Court reviews matters involving child support under an abuse of discretion standard of review. Swank v. Swank (Feb. 19, 2003), 9th Dist. No. 21207. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v.Huff (Mar. 19, 2003), 9th Dist. No. 20934, citing Wisintainer v. ElcenPower Strut Co. (1993), 67 Ohio St.3d 352, 355.
 {¶ 8} R.C. 3119.01(C)(5) defines "income" as either of the following:
"(a) For a parent who is employed to full capacity, the gross income of the parent;
"(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
Whether or not a parent is underemployed is a question of fact for the trial court. Bender v. Bender (July 18, 2001), 9th Dist. No. 20157, citing Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
 {¶ 9} It is undisputed that appellant has a four-year liberal arts degree, that he has prior military experience as a helicopter pilot, and that he has worked in the field of photography for many years. Historically, appellant had made close to $27,000.00 a year in the field of photography. In 1998, appellant moved to Canada, ultimately settling on a small island off British Columbia, Canada. Notwithstanding the limited opportunities for a photographer in that area, appellant continued to pursue photography as a career instead of looking for more lucrative employment.
 {¶ 10} Appellant submitted his Canadian tax returns from 1999 through 2001. Although appellant reported a gross income of $1443.00 in 1999, an attachment to appellant's tax return indicates that appellant spent $4032.00 for assorted equipment, furniture and fixtures; $1020.00 for a computer and printer; and $47,645.00 for photographic and lab equipment that year in furtherance of his photography business. Appellant reported a business income of $5105.76 in 2000 and a net loss income in the amount of $8805.25 that year. In 2001, appellant reported a negative income as well.
 {¶ 11} The trial court found that appellant voluntarily moved to an area with limited employment opportunities for a photographer. The trial court further found that appellant continued to pursue a career in photography in that remote area, despite the apparently limited income potential. This Court notes that appellant spent over $53,000.00 in 1999 in regard to his photography business, despite limited income potential. Appellant failed to appear at hearing and, therefore, did not present any testimony. However, appellant failed to otherwise present any evidence why he could not move to an area with greater employment possibilities or why he continued to pursue employment that merely brought him debt and no income. Under these circumstances, this Court cannot say that the trial court abused its discretion by finding that appellant was voluntarily underemployed. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred as a matter of law when it imputed income to the defendant in the amount of $24,000.00 per year."
 {¶ 12} Appellant argues that the trial court abused its discretion by imputing income to appellant in the amount of $24,000.00 per year. This Court disagrees.
 {¶ 13} The trial court may impute income to a parent in child support proceedings only upon first finding that the parent is voluntarily unemployed or underemployed. Marek v. Marek, 158 Ohio App.3d 750,2004-Ohio-5556, at ¶ 14. This Court has already found that the trial court did not abuse its discretion in finding that appellant was voluntarily underemployed.
 {¶ 14} When determining a reasonable amount of income to impute to an underemployed parent, the trial court is directed to determine what the parent would have earned if fully employed based upon a consideration of the following criteria pursuant to R.C. 3119.01(C)(11)(a):
"(i) The parent's prior employment experience;
"(ii) The parent's education;
"(iii) The parent's physical and mental disabilities, if any;
"(iv) The availability of employment in the geographic area in which the parent resides;
"(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
"(vi) The parent's special skills and training;
"(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
"(viii) The age and special needs of the child for whom child support is being calculated under this section;
"(ix) The parent's increased earning capacity because of experience;
"(x) Any other relevant factor."
 {¶ 15} Both the magistrate and trial court recited the ten factors as a framework for their consideration of the appropriate amount of income to impute to appellant.
 {¶ 16} Appellant argues that the trial court failed to consider some factors, because no party presented evidence in regard to those factors. Specifically, appellant argues that the trial court failed to consider the availability of employment in the geographic area of appellant's residence; the prevailing wage and salary levels in appellant's geographic area; and appellant's ability to earn the imputed income. This Court disagrees.
 {¶ 17} As the party moving for the child support modification, appellant had the burden of proof of establishing how the relevant factors would support a modification of his child support obligation. Jurewiczv. Rice (Nov. 14, 2001), 9th Dist. No. 3190-M. Appellant failed to appear and testify at the hearing. In addition, appellant failed to present any evidence regarding the factors that appellant now complains the trial court failed to consider. The trial court has no obligation to investigate and develop evidence that the parties have failed to present. Where the parties failed to present evidence in regard to each of the factors of R.C. 3119.01(C)(11), it was reasonable for the trial court to consider such factors immaterial to a determination of the issues.
 {¶ 18} The trial court considered appellant's prior employment experience, finding that appellant had many years of experience as a photographer, and that appellant previously derived approximately $25,000.00 in annual income from his work in the field of photography. R.C. 3119.01(C)(11)(a)(i). The trial court found that appellant had a four-year liberal arts degree. R.C. 3119.01(C)(11)(a)(ii). There was no evidence presented to demonstrate that appellant had any physical or mental disability that prevented him from working. R.C.3119.01(C)(11)(a)(iii).
 {¶ 19} The administrative hearing officer utilized the Bureau of Labor Statistics, U.S. Dept. of Labor, Occupational Outlook Handbook, 2002-03 Ed., Photographers, to determine an appropriate income to impute to appellant. Appellee presented evidence from a website, salary.com, regarding the average income of a photographer in Seattle, Washington. The trial court discounted both pieces of evidence, because appellant does not live and work in the United States. No party presented any evidence regarding the availability of work in the photography field in appellant's residential geographic area or the prevailing wages and salary levels in that area. Therefore, the trial court could only consider that those factors provided no probative guidance in its determination of a reasonable imputed income for appellant. R.C. 3119.01(C)(11)(a)(iv) and (v).
 {¶ 20} Appellant's counsel indicated that appellant has no special certification or licensing in the field of photography. The trial court, however, considered that appellant has worked in the field for many years, engaging in various types of photography. R.C.3119.01(C)(11)(a)(vi). Further, there was evidence that appellant has worked in the photography field within the capacity of self-employment. Therefore, it is reasonable to believe that appellant possesses certain additional skills that another person who works solely under the direction of others would not have.
 {¶ 21} The trial court considered appellant's most recent income during the past five years and expressly found that those five years did not present the best indicator of the amount of income appellant could reasonably earn. Rather, the trial court found that appellant's ability to earn the imputed income was best evidenced by the years in which he was making approximately $25,000.00. R.C. 3119.01(C)(11)(a)(vii). Given that appellant spent more than $53,000.00 on equipment for the creation of a photo lab in his home in 1999, it is not unreasonable to find that appellant believed that he would derive income from his photography business, and that such income would be sufficient to maintain both his current wife and her two children and his child by appellee. Under these circumstances, this Court cannot find that the trial court abused its discretion by finding that appellant has the ability to earn the imputed income.
 {¶ 22} The child is now eleven years old, and there was no evidence that she has any special needs. R.C. 3119.01(C)(11)(a)(viii).
 {¶ 23} The trial court further found that appellant has significant work experience, including prior military service and approximately ten years of experience as a photographer. The trial court found that such experience supported a determination that appellant was capable of earning the imputed income. R.C. 3119.01(C)(11)(a)(ix).
 {¶ 24} Finally, there was evidence that appellant had assumed financial responsibility for the two children of his current wife. In addition, there was evidence that appellant indicated a strong desire to maintain employment in the photography field to the extent that he was willing and financially able to set up a business photography lab with equipment purchased in excess of $53,000.00. Given appellant's financial capability to pursue a career in the field of photography, it is not unreasonable to believe that appellant anticipates that he will derive income commensurate with the income he derived in the past in that field. R.C. 3119.01(C)(11)(a)(x).
 {¶ 25} Given the evidence regarding appellant's education, prior employment experience, skills as a self-employed photographer, prior earning capability, and current well-financed photography business, coupled with the lack of any evidence that appellant could not earn such income in his residential geographic area, this Court finds that the trial court did not abuse its discretion by imputing an annual income of $24,000.00 to appellant. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPUTED INCOME TO THE DEFENDANT IN THE AMOUNT OF $24,000.00 PER YEAR, WITHOUT CONSIDERING THE VALUE OF THE UNITED STATES DOLLAR COMPARED TO THE VALUE OF THE CANADIAN DOLLAR."
 {¶ 26} Appellant argues that the trial court abused its discretion when imputing an income in United States dollars to appellant, when appellant lives and works in Canada, earning Canadian dollars. This Court disagrees.
 {¶ 27} The trial court did not err in finding appellant to be underemployed or in imputing an income to appellant. The trial court must have had before it an income for appellant to calculate a child support order for the benefit of the child. "[A]n American court cannot enter judgment in any currency other than that of United States dollars. This rule is so well entrenched in American law that it is not open to exceptions and requires no further citations to authorities." In re GoodHope Chem. Corp. (1983), 31 B.R. 887, 891. (Internal citation omitted.) Because any child support order must necessarily be entered in United States dollars, the trial court as a practical matter must consider the incomes of both parents in terms of United States dollars.
 {¶ 28} "An obligation in terms of the currency of a country takes the risk of currency fluctuations and whether creditor or debtor profits by the change the law takes no account of it." Deutsche Bank FilialeNurnberg v. Humphrey (1926), 272 U.S. 517, 519, 71 L.Ed. 383. While theHumphrey case concerned a foreign debt due in German marks, this Court finds that the reasoning is valid under these circumstances as well.[1]
The U.S. Supreme Court stated that "[i]f the debt had been due here and the value of dollars had dropped before suit was brought the plaintiff could recover no more dollars on that account." Id.
 {¶ 29} In this case, the obligation is due in this country and is an obligation in United States dollars. Appellant has a responsibility to support his child. The child support order must necessarily be entered in United States dollars. The child is entitled to a sum certain in regard to child support for her benefit. Appellant, on the other hand, voluntarily moved to a foreign country. Appellant has, therefore, assumed the risk of the currency fluctuation between United States and Canadian dollars. Under the circumstances, this Court cannot find that the trial court erred in failing to consider the respective values of the United States and Canadian dollars when imputing income to appellant. Appellant's third assignment of error is overruled.
 III. {¶ 30} Appellant's assignments of error are overruled. Accordingly, the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J. Concurs.
Slaby, P.J. Concurs in judgment only.
[1] The Humphrey court recognized that the foreign debt owed to Humphrey was a sum certain in German marks, the very obligation existing under foreign law at the time the suit was brought. The court found that the liability was fixed by German law, and that Humphrey could not modify that liability by seeking to fix a time for the translation of that foreign debt into dollars.