DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gordon D. Falkner, appeals from a child support order of the Summit County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
 I. {¶ 2} Appellant is the natural father and Appellee is the natural mother of two minor children. The parties were never married, but Appellant has acknowledged paternity as evidenced by the Acknowledgement of Paternity Affidavit filed with the Ohio Central Paternity Registry. In 1998, Appellant was involved in a work-related fire and explosion from which Appellant sustained burns to over 65% of his body. The explosion caused such severe nerve damage to Appellant's body that he is physically unable to work. Appellant filed a personal injury suit against his employer, and, pursuant to a jury verdict in his favor received an award of $2,268,392.74 in compensatory damages. Appellant deposited the money in a savings account that earns interest of two percent.
 {¶ 3} On July 10, 2003, Appellee filed a complaint for child support, requesting "an increase in child support due to changed circumstances." Although from the face of this complaint it appears that Appellee sought a modification of existing child support, the record reflects that this was in fact Appellee's first request for child support and that the court had not previously ordered Appellant to pay child support.
 {¶ 4} On February 17, 2004, a magistrate ordered Appellant to pay $698.00 per month, including poundage for both children. The magistrate imputed income of $10,712 to Appellee and found Appellant's regular annual income to be $45,367.85, which amount represented interest income based on the two percent rate of interest on the $2,268,392.74 jury award. Additionally, the magistrate noted that the matter would be revisited and Appellant's child support amount recalculated upon a subsequent review of the propriety of Appellant's investment. The trial court adopted the decision of the magistrate, and neither party filed objections to this decision.[1]
 {¶ 5} At a hearing before a magistrate, Appellee presented the testimony of the Vice President of Investments at National City Investments, Karl Hutchinson, who presented an alternative investment portfolio that would earn a higher return on investment (interest income), than the two-percent savings account Appellant currently used. Subsequently, the magistrate issued a decision that recommended an upward deviation of Appellant's child support amount to $1,280.18 per month for both children. The magistrate made this upward modification by imputing income of $95,363.00, based on Mr. Hutchinson's testimony, and the consideration of several deviation factors under R.C. 3119.23.
 {¶ 6} In its decision, the magistrate specifically made the following findings to support the deviation:
"11. While the Court cannot conclude that income should be imputed to Father, it can deviate from the amount currently ordered based on several factors. The Court finds the following factors relevant in determining whether to deviate from the current child support obligation:
"Special needs of the child.
"The relative financial assets, other assets and other resources, and the needs of each parent.
"The standard of living the children would have enjoyed had the parents been married.
"Disparity of income between the parties.
"12. The Court further finds that while Father is entitled to choose what type of investments he wishes to invest his principle [sic], he is doing a disservice to himself, as well as his children, to continue upon his investment strategies. He has purchased over $150,000, in the past year, on various recreational vehicles while the Mother of his children struggles to support herself and the children on a part-time salary. The Court finds that child support should be deviated upward to the amount which would be calculated if his investment return was $95,363 per year."
 {¶ 7} The magistrate did not list $95,363 for annual gross income on the child support computation sheet, and instead listed a deviation amount based on a R.C. 3119.23 finding that the original amount would be unjust or inappropriate.
 {¶ 8} Both Appellant and Appellee filed objections to the magistrate's decision. On August 22, 2005, the trial court overruled all objections and entered judgment, ordering Appellant to pay $1,280.18 per month. As to Appellant's objections, the court reasoned as follows:
"When dealing with interest on sums of monies of over one million dollars, it is not an abuse of the Court's discretion to rely on expert testimony as to what the interest income could be expected to be. Setting Father's income at a higher rate [of] return than 2%, was not unreasonable. If a father has the ability, he also has a duty to support his minor children, and this Court has the responsibility to determine that duty. The expert testified that on a two million dollar investment, in conservative terms, the income per year would be $95,363.00 per year."
 {¶ 9} Appellant timely appealed from this judgment, asserting three assignments of error for review.
 II. A. First Assignment of Error
"IN FAILING TO EXPLICITLY FIND THAT MR. FALKNER WAS VOLUNTARILY UNEMPLOYED OR VOLUNTARILY UNDEREMPLOYED UNDER R.C. 3119.01(C)11 BEFORE IMPUTING $95,363.00 OF POTENTIAL INCOME TO MR. FALKNER, THE TRIAL COURT CLEARLY ABUSED ITS DISCRETION."
 {¶ 10} In his first assignment of error, Appellant contends that the trial court abused its discretion in imputing interest income to him without first making determination that he was either voluntarily unemployed or voluntarily underemployed per R.C. 3119.01. We agree.
 {¶ 11} Decisions regarding child-support obligations will not be disturbed absent an abuse of discretion. Rock v. Cabral
(1993), 67 Ohio St.3d 108, syllabus. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. at *2.
 {¶ 12} In the instant case, the trial court adopted the magistrate's decision, and found that a finder of fact may rely on expert testimony regarding potential interest income. However, this Court has previously noted that a child support amount cannot be based on "speculative future happenings." Dilacqua v.Dilacqua (Sept. 3, 1997), 9th Dist. No. 18244, at *4. Furthermore, by approving $95,363 as Appellant's income, the court has for all practical purposes imputed income to Appellant. Although the magistrate recognized that it would not impute income to Appellant, the magistrate nevertheless ultimately concluded that the child support obligation should be based on an assumed income amount of $95,363.[2]
 {¶ 13} The Supreme Court of Ohio has mandated that "[t]he terms of R.C. [3119.01] are mandatory in nature and must be followed literally and technically in all material respects."[3] Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus. R.C. 3119.01(C)(11) provides that potential income may be imputed when the obligor is voluntarily unemployed or underemployed. Keller v. Keller, 9th Dist. No. 04CA0084, 2005-Ohio-3302, at ¶ 13, citing Marek v. Marek,158 Ohio App.3d 750, 2004-Ohio-5556, at ¶ 14. However, before a trial court may impute income to a party, it must explicitly find that the party was either voluntarily unemployed or voluntarily underemployed. Id. Thus, these findings must be made before a trial court may impute income to a party.
 {¶ 14} Because the trial court imputed interest income without making the requisite findings, and because the court based its child support amount on potential or speculative income, we find that the trial court abused its discretion. SeeMarek at ¶ 14, citing Ritchhart v. Phillips (July 24, 1991), 4th Dist. No. 1725, at *4 (concluding that the trial court abused its discretion when it imputed potential income to appellant without finding that the party was voluntarily unemployed or voluntarily underemployed); Blakemore, 5 Ohio St.3d at 219.
 {¶ 15} Appellant's first assignment of error is sustained. We remand the case to the trial court to comply with the requirements of R.C. 3119.01. See Dilacqua, at *3 (a "trial court's failure to comply with the literal requirements of the statute constitutes reversible error").
 B. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER OTHER RELEVANT FACTORS PERTAINING TO MODIFICATION OF CHILD SUPPORT AS SET OUT IN R.C. 3119.23[.]"
 Third Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN COMPELLING MR. FALKNER TO PLACE HIS MONEY IN A SPECULATIVE INVESTMENT VENTURE."
 {¶ 16} In his second assignment of error, Appellant asserts that the trial court abused its discretion when it did not consider other relevant factors when modifying his child support payment. In his third assignment of error, Appellant asserts that the trial court erred when it impliedly ordered him to place the money from his jury award in a different investment account.
 {¶ 17} Since we sustained Appellant's first assignment of error on the basis of an incorrect imputation of potential income and remand the case to the trial court to hold further proceedings on Appellee's motion to modify, it would be inappropriate for us to pass on the merits of Appellant's second and third assignments of error at this time. Therefore, we do not address them.
 III. {¶ 18} Appellant's first assignment of error is sustained. Appellant's second and third assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. concurs.
[1] The parties later entered into an agreement, which was accepted by the court and ordered accordingly, to increase the child support payment to $712.05 per month.
[2] In addition, we observe that the trial court may have inappropriately condoned the application of R.C. 3119.23
deviation factors to increase the child support amount initially ordered. The trial court only had before it Appellee's complaint for child support, and not a motion to modify an existing child support order. Furthermore, a deviation ordinarily only occurs when there has been a change of circumstances. See Bettinger v.Bettinger, 9th Dist. No. 22621, 2005-Ohio-5389, at ¶ 8 ("When modifying an existing child support order, a trial court must find that a change of circumstances has occurred."). However, there was no change in circumstances from the time that the trial court approved the initial child support payment on February 17, 2004 to the time the court increased the payment on August 22, 2005. Ultimately, however, this issue is inconsequential because we determine this appeal on the limited grounds addressed in our analysis.
[3] R.C. 3113.215 was repealed effective March 22, 2001, but was replaced by R.C. 3119.01, which is comparable the provisions of former R.C. 3113.215. See Apps v. Apps, 10th Dist. Nos. 02AP-1072 03AP-242, 2003-Ohio-7154, at ¶ 47.