CARR, J.
 CONCURS IN PART AND DISSENTS IN PART, SAYING: *Page 17 
 {¶ 38} I concur with the majority with regards to appellant's first, second and fourth assignments of error. However, I respectfully dissent with regards to appellant's third assignment of error.
 {¶ 39} "This Court has repeatedly held that, for purposes of calculating child support, the trial court cannot impute income to either party without first making a finding that the party is voluntarily unemployed or underemployed." Musci v. Musci, 9th Dist. No. 23088, 2006-Ohio-5882, at 111, citing Ramskogler v. Falkner, 9th Dist No. 22886, 2006-Ohio-1556, at ¶ 13 (construing the current language in R.C. 3119.01(C) and holding that the finding must be explicitly set forth in the trial court's judgment); and Marek v. Marek,158 Ohio App.3d 750, 753, 2004-Ohio-5556, at ¶ 14 (construing former R.C. 3113.215(A)(5))".
 {¶ 40} In Musci, this Court further emphasized that the finding must be
explicit:
 "Although the trial court implicitly adopted the magistrate's finding that Mrs. Musci was voluntarily unemployed and Mr. Musci was underemployed, the trial court should have reiterated that finding in its judgment, for such a finding is necessary to justify an imputation of income." Musci at ¶ 17.
 {¶ 41} I would address the matter on the merits and reverse as to the award of child support as the trial court did not find that appellant was voluntarily unemployed in order to impute income. *Page 1