DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Nabil A. Misleh ("Husband"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce. This Court affirms in part and reverses in part.
 I. {¶ 2} Husband and Appellee, Sahar O. Badwan ("Wife"), were married on December 19, 2002, and had one child together. On April 19, 2004, Husband filed for divorce. Following lengthy pretrial disputes, the trial court granted the parties a divorce on May 22, 2006. In the final decree, the trial court imputed income to *Page 2 
Husband in the amount of $50,000. Based upon that income, the trial court ordered Husband to pay child support in the amount of $633.42 per month. Husband timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY CHILD SUPPORT BY IMPROPERLY IMPUTING INCOME TO THE UNEMPLOYED APPELLANT."
 {¶ 3} In his first assignment of error, Husband argues that the trial court improperly imputed income to him when it calculated his child support obligation. We agree.
 {¶ 4} We review matters involving child support under the abuse of discretion standard. Keller v. Keller, 9th Dist. No. 04CA0084,2005-Ohio-3302, at ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 5} In the instant matter, the trial court imputed income to Husband. The trial court, however, did not find that Husband was voluntarily unemployed. This Court has previously held as follows: *Page 3 
 "The Supreme Court of Ohio has mandated that the terms of R.C. 3119.01 are mandatory in nature and must be followed literally and technically in all material respects. R.C. 3119.01(C)(11) provides that potential income may be imputed when the obligor is voluntarily unemployed or underemployed. However, before a trial court may impute income to a party, it must explicitly find that the party was either voluntarily unemployed or voluntarily underemployed. Thus, these findings must be made before a trial court may impute income to a party." (Quotations and alterations omitted.) Ramskogler v. Falkner, 9th Dist. No. 22886, 2006-Ohio-1556, at ¶ 13.
While the trial court implicitly made this finding by imputing income, "the trial court should have reiterated that finding in its judgment, for such a finding is necessary to justify an imputation of income."Musci v. Musci, 9th Dist. No. 23088, 2006-Ohio-5882, at ¶ 17.
 {¶ 6} Without the required finding under R.C. 3119.01, the trial court may not impute income to Husband. Consequently, Husband's first assignment of error has merit.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ORDER APPELLEE TO REIMBURSE APPELLANT $5,000 FOR EXPERT FEES, WHICH APPELLANT PAID TO APPELLEE DURING THE PENDANCY (sic) OF THE DIVORCE ACTION, BUT WERE NEVER INCURRED BY APPELLEE."
 {¶ 7} In his second assignment of error, Husband argues that the trial court erred in refusing to order Wife to return $5,000 that he had paid under a temporary order. We disagree. *Page 4 
 {¶ 8} A decision regarding an award of attorney fees is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at *7, citing Bowen v. Bowen (1999), 132 Ohio App.3d 616,642. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 9} R.C. 3105.18(H) provided as follows at the time of the award:
 "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including * * * any proceeding arising from a motion to modify a prior order or decree * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." (Eff. 1/1/98; provision deleted 4/27/05 by 2004 H 36)
 {¶ 10} On October 14, 2004, Husband was ordered by a magistrate to pay Wife $12,244. The order explained that $7,244 was "for services already rendered" and that $5,000 was for "expected fees and for expert witnesses." Husband filed objections on October 28, 2004. In those objections, Husband asserted that the award was too high because the case was not complex and the marriage had a short duration. On November 9, 2004, the trial court overruled the objections, finding that they had not been timely filed under Civ.R. 53. *Page 5 
 {¶ 11} On appeal, Husband has not asserted that the trial court erred in finding that his objections were untimely. Without a valid objection, Husband may not claim error in the trial court's initial award of fees. See Civ.R. 53(D)(3)(b)(iv). Absent plain error, this Court will not review such errors and Husband has not argued plain error on appeal. See id. Husband's challenges to the trial court's application of R.C.3105.18(H), therefore, were not preserved for appellate review.
 {¶ 12} Husband's remaining claim on appeal is that the trial court erred in refusing to return money which was paid for fees which he asserts were never incurred by Wife. We find no merit in this contention.
 {¶ 13} Husband asserts that the $5,000 he was obligated to pay to Wife was solely for expert fees. Husband, however, has ignored the plain language of the magistrate's order. The magistrate ordered payment of the $5,000 for expected expert fees and expected attorney's fees. On appeal, Husband does not assert that Wife did not incur an additional $5,000 in attorney's fees. Furthermore, any such contention would be unsupported by the record. On October 24, 2004, Wife was awarded $7,244 for attorney's fees she had already incurred. At that point in time, the divorce action had been pending for six months. The action then continued until a final decree was entered on May 22, 2006. Husband does not contend that Wife did not incur during this time period at least the $5,000 in fees that were *Page 6 
previously awarded. Accordingly, we find no abuse of discretion in the trial court's refusal to refund Husband's $5,000.
 {¶ 14} Husband's second assignment of error lacks merit.
 III. {¶ 15} Husband's first assignment of error is sustained and his second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 7 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
CARR, P. J. DICKINSON, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1