{¶ 83} I respectfully dissent. In my opinion, there are two major issues that impact spousal support, child support and the division of marital property, therefore, necessitating reversal of the whole case. First, as the majority indicates, the trial court included the children's bank accounts as marital property. Second, the trial court imputed $40,000.00 in income to the wife. To do so, this Court has repeatedly held that the trial court must explicitly find that the party is voluntarily unemployed or underemployed. See. e.g., Ramskogler v.Falkner, 9th Dist. No. 22886, 2006-Ohio-1556, at ¶ 13 (holding that the trial court "must explicitly find that the party was either voluntarily unemployed or voluntarily underemployed" before it may impute income and finding that the trial court abused its discretion by imputing interest income without first making the requisite finding of voluntary unemployment or underemployment); Misleh v. Badwan, 9th Dist. No. 23284,2007-Ohio-5677, at ¶ 5 (holding that an implicit finding of voluntary unemployment or underemployment is not sufficient to support the trial court's imputation of income); Musci v. Musci, 9th Dist. No. 23088,2006-Ohio-5882, at ¶ 11 and 17 (stating that a trial court should reiterate the magistrate's finding of voluntary unemployment or underemployment); Marek v. Marek, 158 Ohio App.3d 750, 2004-Ohio-5556, at ¶ 14 (construing former R.C. 3113.215(A)(5)).
 {¶ 84} The requisite finding of voluntary unemployment or underemployment was not explicitly made here. In fact, the trial court inconsistently held that $40,000.00 in income should be imputed to the wife because she was able to work while at the same time specifically ordering the wife to apply for disability social security within 30 days, inferring her inability to work. Because the trial court failed to make the explicit finding that the wife was voluntarily *Page 29 
unemployed or underemployed, I believe that the trial court abused its discretion by imputing income to her. Accordingly, I dissent. *Page 1