DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nabil A. Misleh, appeals from a child support order of the Summit County Court of Common Pleas, Domestic Relations Division, that imputed annual income to him of $50,000. Because the trial court failed to make an explicit finding that Misleh was voluntarily unemployed or underemployed, this Court reverses and remands.
 I. {¶ 2} Misleh was married to Sahar Badwan from December 19, 2002, until May 22, 2006. The couple's only child was born December 12, 2003. In its judgment of divorce, the trial court designated Badwan as the residential parent and ordered Misleh to pay child support. In calculating Misleh's income for child support purposes, the trial court imputed income to him of $50,000 because he was unemployed at that time. The trial court made no explicit finding, however, that Misleh's unemployment was voluntary. *Page 2 
 {¶ 3} On appeal, this Court reversed the child support portion of the judgment because the trial court had imputed income to Misleh without explicitly making the finding required by R.C. 3119.01(C)(11) that Misleh was voluntarily unemployed or underemployed. See Misleh v.Badwan, 9th Dist. No. 23284, 2007-Ohio-5677, at ¶ 6 and 15.
 {¶ 4} On remand to the trial court, the trial court held a new hearing and, on March 31, 2008, again ordered Misleh to pay child support based on an imputed annual income of $50,000. Misleh appeals and raises one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY CHILD SUPPORT BY IMPROPERLY IMPUTING INCOME TO THE UNEMPLOYED APPELLANT."
 {¶ 5} Misleh contends that the trial court erred by imputing income to him because, among other reasons, it failed to make the requisite finding that he was voluntarily unemployed.
 {¶ 6} Following this Court's reversal and remand of the child support portion of the divorce judgment, the trial court held a new hearing on the child support issue. In its judgment of March 31, 2008, the trial court recognized that the matter had been remanded to the trial court because the trial court had "imputed income to Father without explicitly finding him to be voluntarily unemployed." Although the trial court's March 31, 2008 decision includes statements that imply a conclusion by the trial court that Misleh's unemployment was voluntary, the trial court's order fails to include an explicit finding to that effect.
 {¶ 7} The law in this appellate district is clear that the trial court must make an explicit finding of voluntary unemployment or underemployment before it imputes income to a parent *Page 3 
for child support purposes. See, e.g., Musci v. Musci, 9th Dist. No. 23088, 2006-Ohio-5882, at ¶ 17. As this Court explained in the prior appeal of this case:
 "`The Supreme Court of Ohio has mandated that the terms of R.C. 3119.01 are mandatory in nature and must be followed literally and technically in all material respects. R.C. 3119.01(C)(11) provides that potential income may be imputed when the obligor is voluntarily unemployed or underemployed. However, before a trial court may impute income to a party, it must explicitly find that the party was either voluntarily unemployed or voluntarily underemployed. Thus, these findings must be made before a trial court may impute income to a party.' (Quotations and alterations omitted.) Ramskogler v. Falkner, 9th Dist. No. 22886, 2006-Ohio-1556, at ¶ 13.
 "While the trial court implicitly made this finding by imputing income, `the trial court should have reiterated that finding in its judgment, for such a finding is necessary to justify an imputation of income.' Musci v. Musci, 9th Dist. No. 23088, 2006-Ohio-5882, at ¶ 17." Misleh v. Badwan, 9th Dist. No. 23284, 2007-Ohio-5677, at ¶ 5.
 {¶ 8} Because the trial court again failed to make an explicit finding that Misleh was voluntarily unemployed, it was without authority to impute income to him for purposes of calculating his child support obligation. The assignment of error is sustained.
 III. {¶ 9} The assignment of error is sustained and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 4 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 SLABY, P. J., MOORE, J., CONCUR. *Page 1