[Cite as *Horner v. Tarleton*, 2023-Ohio-1785.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| JONATHAN E. HORNER | C.A. No.    22CA0040-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARY TARLETON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    18PA0004 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2023

STEVENSON, Judge.

{¶1}    Defendant-Appellant, Mary Tarleton, nka Cummings ("Mother"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Division.  For the following reasons, this Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2}    The parties are the parents of one minor child, B.H.  In October 2018, the parties signed an agreed judgment entry that designated Plaintiff-Appellee, Jonathan Horner ("Father") the sole residential parent and legal custodian of B.H.  Mother was awarded parenting time.  At that time, Mother had recently moved to Illinois.  She was granted parenting time in Illinois the third week of every month, one weekend per month in the state of Ohio, and an alternating two-week on, two-week off schedule during the summer months.  The parties agreed to no exchange of child support.

{¶3}    In October 2020, Mother  moved to modify parenting time.  While her motion was styled as a request to modify her parenting time, the trial court treated it as a motion to modify the allocation of parental rights and responsibilities between the parties because Mother requested that the court designate her the sole residential parent and legal custodian of B.H.  Mother's motion was based on Father's alleged failure to attend to B.H.'s health, namely her vaccinations, annual check-ups, and diet.  Mother also relied heavily on the fact that she had gotten sober and made positive changes to her life.

{¶4}    In January 2021, Father moved to modify child support.  The following day he filed an emergency motion to suspend parenting time, for supervised visitation, and for a no-contact order between B.H. and her stepfather ("Stepfather").  The latter three motions were based on B.H.'s allegations of sexual abuse against Stepfather. Those allegations were later substantiated by the Medina County Department of Job & Family Services ("JFS") following a forensic interview with B.H.  As a result, JFS considered the child to be at high risk for further abuse if placed with Mother.

{¶5}    The Magistrate conducted a hearing on both parties' motions.  Testimony was adduced from both parties, four character witnesses on behalf of Mother, the investigative worker for JFS, and the Guardian Ad Litem ("GAL").  The Magistrate issued a decision recommending that Father remain the sole residential parent and legal custodian; that Mother's motion to modify the allocation of parental rights and responsibilities be denied; that Father's motion to modify parenting time be granted; and, that Father's motion to modify child support be denied.  The Magistrate modified Mother's parenting time to the Medina County Domestic Relations Court Standard Long Distance Parenting Time Schedule.  The new schedule was to include two

weekends in Medina County. It was also subject to the caveat that Stepfather was not permitted to have unsupervised contact with B.H.

{¶6} The trial court adopted the Magistrate's findings and decision the same day. Shortly thereafter, the trial court issued a nunc pro tunc judgment entry correcting certain typographical errors in its original judgment entry.

{¶7} Mother objected to the Magistrate's Decision. She maintained that the Magistrate erred as follows: 1) in finding no change in circumstances that warranted granting Mother's motion to modify the allocation of parental rights; 2) in failing to address the best interest of the child; 3) in missing some details and failing to identify the correct child; and 4) that the Magistrate's Decision and Judge's decision conflict.

{¶8} Father also objected to the Magistrate's Decision. He maintained that the Magistrate erred as follows: 1) in citing to Case No. 21DV0033 [Ex Parte Civil Protection Order on behalf of B.H. against Stepfather], as the final hearing in that case had not happened by the time of the final hearing in this case; 2) in ordering that Stepfather may have supervised contact with the minor child, as opposed to no contact whatsoever; 3) by not providing time frames for Mother's weekend parenting time to occur in Medina County, Ohio, and for failing to require Mother to provide Father with notice of when she intends to exercise her weekend parenting time; and 4) by finding that Father did not meet his burden of proof regarding a modification of child support.

{¶9} The trial court held a hearing on both parties' objections. Counsel appeared and briefly addressed the court. The trial court overruled all of Mother's objections, overruled Father's objections in part, and sustained Father's objections in part.

{¶10} In its decision, the trial court addressed collectively Father's second objection and Mother's first, second, third, and fourth objections, and overruled them. The trial court adopted

the Magistrate's finding that Mother failed to demonstrate that a change in circumstances had occurred for either B.H. or Father and that custody should remain with Father. The trial court agreed with the Magistrate that Father's alleged failure to have the minor child vaccinated until she started school did not constitute a change in circumstances because Mother's own testimony reflected that she consented to that plan.  The trial court acknowledged that Mother had gotten sober but held that a change in  Mother's circumstances did not qualify under R.C. 3109.04(E)(1)(a).

{¶11}  The trial court further found that the Magistrate did not err and properly considered the best interest factors set forth in R.C. 3109.051(D) regarding the modification of Mother's parenting time.

{¶12}   The trial court sustained Father's first objection, concluding that the Magistrate erred in taking judicial notice of Case No. 21DV0033, and ordered that any reference to or consideration of it be stricken from the record.

{¶13}  The trial court sustained Father's third objection, concluding that the Magistrate erred by not providing time frames for Mother's weekend parenting time to occur in Medina County and for failing to require Mother to give Father adequate notice when she intends to exercise her weekends.  The trial court set specific  visitation dates and a notice requirement.

{¶14}  Regarding Father's fourth objection, the trial court agreed that the Magistrate erred in finding he did not meet his burden of proof for a modification of child support and sustained the objection.   The trial court found that a change in circumstances had occurred that was not contemplated by the parties when they agreed to no support, and that a zero support order was no longer in B.H.'s best interest.

{¶15} Regarding the parties' financial information as relevant to the calculation of support, the trial court found that Father earns annual income of $41,600.00 but that he did not submit any evidence regarding other children, health insurance, or childcare costs. The court also found that Mother is a stay-at-home mom, that she wishes to remain as such, and that she presented no evidence that she is incapable of working or otherwise maintaining gainful employment. The court also found that she did not submit any evidence regarding other children, health insurance, or childcare costs. The Court further found that that Mother is voluntarily unemployed and that she should be imputed with full-time minimum wage income of $19,304.00. After inserting these figures into the child support guideline worksheet, the court calculated Mother's child support obligation as $138.10 per month and imposed a child support order.

{¶16} Mother timely appealed the trial court's judgment and asserts two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING MOTHER'S OBJECTION TO THE MAGISTRATE'S DECISION AND DENYING HER MOTION TO MODIFY PARENTING TIME.[1]**

{¶17} Mother argues the trial court should have found that a change in circumstances had occurred and granted her motion to reallocate the parental rights and responsibilities between the parties. Mother claims the evidence demonstrated that a change in circumstances had taken place

---

[1] As noted previously and to avoid confusion, we reiterate that Mother styled her motion as a motion to modify parenting time, however, her actual request was to be designated the sole residential parent and legal custodian of B.H. Thus, the trial court properly treated her motion as a motion to modify the parental rights and responsibilities between the parties.

for both B.H. and Father, and that it was in B.H.'s best interest to grant sole custody to her. We disagree.

**{¶18}** This Court generally reviews a trial court's decision to adopt a magistrate's decision for an abuse of discretion. *Tabatabai v. Tabatabai*, 9th Dist. Summit No. No. 08CA0049–M, 2009-Ohio-3139, ¶ 17. "Under this standard, we must determine whether the trial court's decision was unreasonable, arbitrary, or unconscionable." *Id*., citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id*. at ¶ 18. That means "we must consider * * * whether the trial court abused its discretion by determining that the findings of the magistrate were supported by the weight of the evidence." *Id*. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd*., 66 Ohio St.3d 619, 621 (1993).

**{¶19}** The applicable statute, R.C. 3109.04(E)(1)(a), provides in relevant part that:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

**{¶20}** Therefore, before a modification of parental rights and responsibilities can be made pursuant to R.C. 3109.04(E)(1)(a), the trial court must make a threshold finding that a change in circumstances has occurred since the prior order. *Pirkel v. Pirkel*, 9th Dist. Lorain No. 13CA010436, 2014-Ohio-4327, ¶ 5. The change in circumstances must be substantiated, continuing, and have a materially adverse effect upon the child, *Wyss v. Wyss*, 3 Ohio App.3d 412, 416 (10th Dist.1982), and not be slight or inconsequential. *Davis v. Flickinger*, 77 Ohio St.3d 415, 417 (1987). As the parties here are not subject to shared parenting, but rather, Father is the sole

residential parent, the change in circumstances must be in the circumstances of B.H. or Father. R.C. 3109.04(E)(1)(a).

{¶21}  If the party moving to reallocate parental rights and responsibilities demonstrates the requisite change in circumstances, the court must then determine whether reallocating the parental rights and responsibilities is in the child's best interest. *Gunderman v. Gunderman,* 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 9, citing *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, syllabus.

{¶22}  Mother lists several alleged failures on Father's part in support of her claim that a change in circumstances has occurred.  First, she contends that Father has not been vaccinating or "keeping up with" B.H.  Specifically, she states B.H. did not receive any vaccinations after getting the Hepatis B vaccine as a baby until December 2020.  Mother further claims B.H. only eats fast food when she is with Father, and that Father does not take her to the doctor for regular check-ups.

{¶23}  The testimony reflects that both Mother and Father agreed to wait until B.H. was older, had built up an immune system, and was starting school to have her fully vaccinated.  Mother testified that she and Father agreed to ease B.H. into her vaccinations and to get the "bare minimum" before school. Mother did not disagree that as of the hearing the child had been fully vaccinated in time for the start of school.  Accordingly, we conclude the trial court did not err in finding that Mother's own testimony undermines her position that the child's vaccination status constitutes a change in circumstances.

{¶24}  Mother does not point to any testimony in the record supporting the fact that Father *only* feeds B.H. fast food.  Even if it were true, we do not agree that it constitutes a change in circumstances that is substantive and materially averse to the child.  *Wyss*, 3 Ohio App.3d at 416. Similarly, Mother did not provide any medical records or direct us to any testimony or other

evidence supporting her position that B.H. was not receiving regular medical care. App.R. 16(A)(3) requires Mother to cite to the place in the record where each error is reflected. It is not our duty to search the record for evidence to support her argument. *Nemes v. Nemes*, 9th Dist. Medina No. C.A. 2127-M, 1993 WL 62132 (Mar. 10, 1993), *2 citing *Van Meter v. Coates*, 9th Dist. Lorain No. 91CA005220, 1992 WL 194372 (Aug. 12, 1992), *4.

{¶25} Next, Mother states that she has taken significant steps to change her life; that she has maintained her sobriety, gotten married, and accepted responsibility for her past behavior. As Mother is not the residential parent, a change of circumstances in her life is not relevant to the analysis. The trial court correctly found that this change in Mother's circumstances, albeit commendable, does not qualify as the type of change contemplated by R.C. 3109.04(E)(1)(a).

{¶26} Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Mother's motion for reallocation of parental rights and responsibilities. The trial court's determination that no change in circumstances occurred relating to B.H. or Father was supported by the facts and evidence presented at trial. Considering Mother's failure to prove a change in circumstances, we need not address the best interest issue.

{¶27} Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN FINDING THAT FATHER MET HIS BURDEN OF PROOF REGARDING A MODIFICATION OF CHILD SUPPORT AND THUS AWARDED FATHER $200[2] PER MONTH IN CHILD SUPPORT.**

---

[2] We note that this amount is incorrect. According to the child support worksheet attached to the trial court's decision, the trial court awarded Father $138.10 in child support. However, this discrepancy is meaningless considering our disposition of this assignment of error.

**{¶28}** In her second assignment of error, Mother argues the trial court erred in finding that Father met his burden of proving that a modification of child support is warranted.

**{¶29}** The standard of review for this assignment of error is likewise abuse of discretion. A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing that it is unreasonable, arbitrary, or unconscionable. *Farmer v. Farmer*, 9th Dist. Medina No. 03CA0115-M, 2004-Ohio-4449, ¶ 9.

**{¶30}** Father's counter argument is that this is not a case pertaining to child support modification because there was no support established in the 2018 agreed judgment entry, nor was there a guideline worksheet attached to it. He points out that the parties agreed specifically, "[t]here shall be no child support order in this matter." In light of the "no support" order, Father argues that he did not have the burden of proving that a change in circumstances occurred requisite to modify child support because there was no child support obligation to modify. He contends that the trial court's only obligation was to establish a new child support order and "calculate the amount of the parents' child support and cash medical support in accordance with the basic child support schedule" as set forth in R.C. 3119.02. Father maintains that the trial court properly calculated support under the guidelines in R.C. 3119.02.

**{¶31}** We agree with Father that this is not a support modification case but disagree that the trial court properly calculated support. This Court's decision in *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, is instructive in this matter. In *Sifferlin*, the parties agreed to deviate from the guideline worksheet and that neither one would pay child support to the other. This Court noted as a threshold matter that:

> [T]he parties agreed, *not that there would be no child support order*, but rather that neither party would be obligated to pay any child support, effectively establishing child support in the amount of zero dollars. We have repeatedly held that 'a child

support order which requires zero support to be paid is an existing child support order. * * *. Accordingly, such an order is subject to modification.

(Internal citations omitted.) *Id*. at ¶ 7. *Accord Fields v. Fields*, 9th Dist. Medina No. 04CA0018-M, 2005-Ohio-471, ¶ 11.

{¶32} In contrast to the circumstances in *Sifferlin*, the parties here agreed that there would be "no child support order," which this Court in *Sifferlin* distinguished from a zero-dollar order that is subject to modification. Therefore, we agree with Father that the trial court's only obligation in this case was to establish a new support order, not modify support, because the language in the 2018 agreed judgment entry does not qualify as a zero-dollar order subject to modification.

{¶33} Accordingly, we conclude that the trial court erred in treating the parties' original support order as subject to modification. Having so determined, this Court need not proceed to an analysis of whether Father met his burden of proving the requisite change in circumstances necessary to modify child support.

{¶34} We turn now to the trial court's actual calculation of support. Mother argues under this assignment of error that the trial court erred in determining that she was voluntarily unemployed and imputing annual income to her of $19,304.00. We agree.

{¶35} The trial court may impute income to a parent for purposes of calculating child support, but only if it first makes the required finding that the parent to whom income is imputed is voluntarily unemployed. *Misleh v. Badwan*, 9th Dist. Summit No. 24185, 2009-Ohio-842, ¶ 7. "Voluntary unemployment is a matter to be determined by the trial court based on the unique facts and circumstances of each case." *Brown v. Allala*, 9th Dist. Summit No. 27086, 2014-Ohio-4917, ¶ 23, citing *Rock v. Cabral*, 67 Ohio St.3d 108, syllabus (1993). The burden of proof is on the parent who is claiming that the other is voluntarily unemployed or underemployed. *Knouff v. Walsh–Stewart*, 9th Dist. Wayne No. 09CA0075, 2010–Ohio–4063, ¶ 27.

**{¶36}** "This Court reviews a trial court's factual finding that a parent is voluntarily unemployed to determine if it was against the manifest weight of the evidence." *Stahl v. Stahl,* 9th Dist. Summit No. 27876, 2017-Ohio-4170, ¶ 19, citing *Kent v. Kent*, 9th Dist. Summit No. 25231, 2010-Ohio-6457, ¶ 10-12.

**{¶37}** Here, as the parent claiming the other is voluntarily unemployed, Father had the burden of proof. *Knouff* at ¶ 27. The trial court stated "[m]other presented no evidence that she is incapable of working or otherwise maintaining gainful employment," thus improperly shifting the burden to Mother to establish that she was incapable of working, and therefore, voluntarily unemployed.

**{¶38}** Upon review of the record and keeping in mind Father's burden of proof, we conclude that Father presented absolutely no evidence that Mother is voluntarily unemployed. He testified as to his own income, then concluded his case in chief by simply requesting that the trial court calculate guideline child support on that basis alone without more. He presented no evidence nor made any argument whatsoever regarding Mother's income, educational and employment history, or ability to work. His counsel asked him no questions in this regard nor made any request that the court impute income to Mother in its calculation of support.

**{¶39}** During Mother's testimony on direct examination, she stated, "I sent a message [to Father] stating that I would be in Ohio *for business* that week, and Mr. Horner did not answer me * * *." (Emphasis added.) That statement indicates that she was possibly employed or working in some capacity. Shortly thereafter, she was asked what she would like the court to order, and in response said, "I would like my daughter to live with me in Illinois, and I'd *like* to be a stay-at-home mother." (Emphasis added.) That answer refers to the future and Mother's hope of staying home with B.H. should the court grant her custody, not her current status as a stay-at-home mother.

However, again, despite indications from Mother that she was perhaps engaged in some sort of business, and merely intended to stay home, Father did not cross-examine her whatsoever on her past or present employment status, ability to work, or as to any of the other factors necessary to calculate child support.

{¶40} Moreover, notwithstanding that the trial court mistakenly looked to Mother to carry the burden of proof on whether she is incapable of working, she presented no evidence whatsoever as to her employment history or inability to work. Her testimony is completely devoid of any evidence on that issue.

{¶41} Considering the foregoing, the trial court's finding that Mother is voluntarily unemployed is against the manifest weight of the evidence because there was no evidence.

{¶42} Wherefore, we conclude that the trial court erred in treating the parties' original support order as subject to modification rather than establishing a new order. The trial court also erred in shifting the burden to Mother to show that she was unable to work. Lastly, the trial court erred in finding that Mother is voluntarily unemployed and should be imputed income. Therefore, the trial court abused its discretion in sustaining Father's fourth objection to the Magistrate's Decision.

{¶43} Mother's second assignment of error is sustained. We reverse and remand for further proceedings.

### III

{¶44} The judgment of the Medina County Common Pleas Court, Domestic Relations Division is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part, and
remanded for further proceedings.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

THOMAS L. ERB, Attorney at Law, for Appellant.

JESSICA M. TREASE, Attorney at Law, for Appellee.